UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04967-SVW-JC | Date | January 10, 2014 |
|---|---|---|---|
| Title | Jessica Rojas, et al. v. Larry Bird, et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER re Motion for Partial Summary Judgment [14]

The Court has read and considered the parties' arguments and exhibits relating to plaintiffs' motion for partial summary judgment on the issue of liability under the Federal Fair Housing Act, 42 U.S.C. § 3604, California's Fair Employment and Housing Act, Cal. Gov't Code § 12955, and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-52, as alleged in the first, second, and third causes of action in the complaint.  (*See* Complaint ¶¶ 47-53.)  For the reasons stated herein, the Court GRANTS the motion in part and DENIES it in part, and ORDERS the parties to be prepared to discuss the resolution of the remaining issues in this case at the hearing on Monday, January 13, 2014.

Plaintiffs are entitled to summary judgment on the issue of liability under the fair housing statutes only if the evidence adduced for and against the motion, viewed in the light most favorable to defendants, shows that there is no genuine issue as to any material fact and that plaintiffs are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir. 1997).  Plaintiffs bear the initial burden of establishing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  If plaintiffs make this showing, then defendants must go beyond the pleadings and identify specific facts that show a genuine issue for trial.  *See id.*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Only genuine disputes over facts that could affect the question of liability under the fair housing laws will preclude summary judgment.  *See Anderson*, 477 U.S. at 248.

In opposing summary judgment, defendants have identified many genuine factual disputes about what defendants said and did to plaintiffs, their children, and their guests.  The resolution of these disputes is material to the question of whether, by those words and actions, defendants "discriminate[d]

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04967-SVW-JC | Date | January 10, 2014 |
|---|---|---|---|
| Title | Jessica Rojas, et al. v. Larry Bird, et al. | | |

against any person in the terms, conditions, or privileges of . . . rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status." 42 U.S.C. § 3604(b); *cf.* Cal. Gov't Code § 12955(a) (similar).

However, those factual disputes are not material to the separate question of liability for violating 42 U.S.C. § 3604(c), which makes it unlawful "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the . . . rental of a dwelling that indicates any preference, limitation, or discrimination based on . . . familial status, . . . or an intention to make any such preference, limitation, or discrimination." The undisputed evidence shows that defendants provided written notices to tenants that announced the existence of certain rules or policies at the apartment complex, and that those rules mention children. (Undisputed Facts ("UF") Nos. 5-7.) The question is whether the notices "indicate any preference" based on familial status "to the ordinary reader or listener." 42 U.S.C. § 3604(c); *Fair Housing Congress v. Weber*, 993 F. Supp. 1286, 1290 (C.D. Cal. 1997); *Ragin v. New York Times Co.*, 923 F.2d 995, 999-1000 (2d. Cir. 1991). "No discriminatory intent is required." *Fair Housing Congress*, 993 F. Supp. at 1290 (citing *Jancik v. HUD*, 44 F.3d 553, 556 (7th Cir. 1995)).

Defendants' Noise Rule announces a general goal of "provid[ing] a quiet and well maintained environment for our tenants." The rule then lists five examples of things that make too much noise: "loud and boisterous activity on the premises, music played loud and/or with too much bass, a continuous or excessive number of guests, noisy children, or vehicles with very loud exhaust system." (UF No. 5.) Defendants' Recreation Rules include the provision that "This building is not equipped with any play area. Under no circumstances may children play on stairwells, walkways, or carports. Under no circumstances may children[s'] toys or vehicles be used in the above areas or in pool area." (UF No. 6.) Defendants' updated Pool Rule provides: "Under no circumstances may a child under the age of 18 be in the pool or in the pool area without a parent." (UF No. 7.)

Defendants argue that all of these rules are well-intentioned and have no discriminatory purpose. This may be true. Nevertheless, even if, as appears likely, these rules further "a compelling business necessity" — a peaceful living environment and the safety of tenants and guests on the property — they fail to "use[] the least restrictive means to achieve that end." *Fair Housing Congress*, 993 F. Supp. at 1292. There is no need to single out "noisy children" as a particular problem to be avoided when the Noise Rule already lists "loud and boisterous activity." This rule could accomplish its purpose equally effectively if it referred instead to "noisy people." *Cf. Iniestra v. Cliff Warren Invest., Inc.*, 886 F. Supp. 2d 1161, 1168 (C.D. Cal. 2012) (Adult supervision requirement was "not the least restrictive means to address any noise concerns. . . . More appropriate policies might have simply . . . required all residents

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04967-SVW-JC | Date | January 10, 2014 |
|---|---|---|---|
| Title | Jessica Rojas, et al. v. Larry Bird, et al. | | |

to maintain a certain noise level.")  By specifically identifying children as presenting special concerns, the Noise Rule "suggests a preference, limitation or discrimination to the 'ordinary listener' or reader" in violation of § 3604(c).  *Housing Rights Center v. Sterling*, 404 F. Supp. 2d 1179, 1193 (C.D. Cal. 2004).

　　　　The rule barring children from playing or leaving their toys in certain areas of the apartment complex is a "facially discriminatory rule[] which treat[s] children, and thus, families with children, differently and less favorably than adults-only households."  *Fair Housing Congress*, 993 F. Supp. at 1292.  Although the rule may be motivated by legitimate safety concerns, defendants have not "used the least restrictive means to achieve that end."  *Id.*  If safety requires a ban on running or recreational or leisure activities in walkways and stairwells, then a rule so stating will accomplish that end without singling out children for disparate treatment.  *Cf. id.* ("The ban on all children's play, even a quiet, safe game of checkers," is not the least restrictive means of ensuring peace and safety in apartment complex); *United States v. Plaza Mobile Estates*, 273 F. Supp. 2d 1084, 1092 (C.D. Cal. 2003) ("[P]rohibiting all 'children' from playing in common areas while allowing 'adults' to do so cannot be justified."); *see also Mathews v. Arrow Wood LLC*, No. CV 07-1316, 2009 WL 8659593, at *9 (C.D. Cal. April 2, 2009) ("[T]he mantra of child safety cannot and is not sufficient to justify a restriction absent some showing that the particular concern captured by this rationale has a concrete connection to the particular area and activity sought to be restricted.")

　　　　Courts have uniformly held that rules similar to defendants' Pool Rule are not required by state law and violate § 3604(c) by imposing unnecessary restrictions on the use of common pools by tenants' family members.  California Code of Regulations § 65539(c) requires a sign stating "Children Under the Age of 14 Should Not Use Pool Without An Adult In Attendance."  In contrast, defendants' Pool Rule bars anyone under 18 from using the pool without a "parent" in attendance.  (UF No. 7.)  The requirement that children be supervised by a parent instead of any competent adult "transforms this rule from one that could be reasonably interpreted as a safety precaution to one that simply limits children and their families."  *Pack v. Fort Washington II*, 689 F. Supp. 2d 1237, 1246 (E.D. Cal. 2009); *see also Iniestra*, 886 F. Supp. 2d at 1167-68 (rule against children under 18 using pool without adult "is not an efficient method of achieving pool safety"); *Fair Housing Congress*, 993 F. Supp. at 1292 ("A prohibition on unsupervised swimming which would prevent even a 17-year old certified lifeguard from swimming unaccompanied is overly restrictive.") (citation and internal quotation marks omitted).

　　　　Under the same reasoning, the foregoing rules also violate § 12955(c) of California's FEHA.  *Iniestra*, 886 F. Supp. 2d at 1169; *Pack*, 689 F. Supp. 2d at 1248.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-04967-SVW-JC | Date | January 10, 2014 |
|---|---|---|---|
| Title | Jessica Rojas, et al. v. Larry Bird, et al. | | |

While defendants' written rules gives rise to liability under 42 U.S.C. § 3604(c), there are genuine factual disputes over the extent to which these rules are enforced as written, and if they are not, what rules are actually enforced at defendants' apartment complex. (*See* UF Nos. 8-10, 15; Def's Add't'l Facts Nos. 33-36, 48, 51.) In addition, there are numerous factual disputes over particular interactions between Mr. Bird and tenants, and whether Mr. Bird's words and actions constitute discriminatory behavior toward tenants. Accordingly, summary judgment must be denied on the first and second causes of action to the extent that those claims are based on liability under 42 U.S.C. § 3604(a) or (b), § 3617, and California Government Code § 12955(a), (d), (f), (k), and § 12955.7. (*See* Complaint ¶¶ 47-50.)

California's Unruh Act requires proof of intentional discrimination to establish liability based on differential treatment in housing. *Harris v. Capital Growth Investors*, 52 Cal. 3d 1142, 1172-73, 278 Cal. Rptr. 614, 805 P.2d 873 (1991) ("[A] plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act."); *cf. Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664-65, 94 Cal. Rptr. 3d 685, 208 P.3d 623 (2009) (Unruh Act suits derivative of the federal Americans with Disabilities Act do not require proof of intent). The factual disputes identified by the parties preclude entry of summary judgment on the third cause of action because they show that there are material issues relating to defendants' intent in publishing and enforcing the rules, and their intent in the other interactions with tenants alleged in the complaint.

For the foregoing reasons, the Court hereby GRANTS summary judgment for plaintiff on the issue of liability under 42 U.S.C. § 3604(c) and California Government Code § 12955(c), as alleged in the first and second causes of action, based on defendants' written rules and policies relating to children. The Court DENIES summary judgment on all other issues and causes of action in the complaint.

At the hearing on Monday, January 13, 2014, at 1:30 p.m., plaintiffs shall be prepared to discuss the question of how they intend to establish damages for the violations of § 3604(c). In addition, both parties shall be prepared to discuss how they intend to resolve the remaining claims.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |